UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH BOOTH,**<br><br>                              Plaintiff,<br><br>     v.<br><br>**C/O DAVIS, DANIEL PARAMO, WARDEN, C/O CORONA, JOHN DOES 1 THROUGH 20,**<br>                              Defendants. | CASE NO. 12cv3049 H (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. No. 2)** |

Now before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. No. 2)  Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action.  The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons.  This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues are dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

1   In this case, Plaintiff alleges that he requires the assistance of counsel due to a mental disorder and
2   traumatic brain injury (Doc. No. 2). However, Plaintiff demonstrates a sufficient understanding of the
3   legal process to be an able litigant which is evidenced by his detailed complaint (Doc. No. 1). Plaintiff
4   displays an adequate understanding of jurisdiction and venue, the parties involved, the causes of action
5   and demand for relief.  Furthermore, Plaintiff has not attempted to demonstrate a likelihood of success
6   on the merits. Under these circumstances, the Court **DENIES** Plaintiff's request without prejudice, as
7   neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this
8   time.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell, 935 F.2d at 1017.

Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED**.

DATE: December 27, 2012

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:  The Honorable Marilyn L. Huff
     All Counsel of Record